United States District Court
Southern District of Texas
FILED

JUN 0 7 2004

Michael N. Milby, Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| THELMA CASAS, INDIVIDUALLY | * | |
| AND AS REPRESENTATIVE OF THE | * | |
| ESTATE OF RUBEN CASAS, | * | |
| LISA CASAS, RUBEN CASAS, JR., | * | |
| DANIEL CASAS AND ESTER LARA | * | **CIVIL ACTION NO. M 04-123** |
| CASAS | * | |
| | * | **JURY** |
| VS. | * | |
| | * | |
| THE TIRE CORRAL, INC., AND | * | |
| AMERICAN EAGLE WHEEL | * | |
| CORPORATION | * | |

**DEFENDANT, AMERICAN EAGLE WHEEL CORPORATION'S**
**RESPONSE TO**
**PLAINTIFFS' MOTION TO REMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant, AMERICAN EAGLE WHEEL CORPORATION, files this Response to Plaintiffs' Motion to Remand and would show the Court the following:

**I.**

**PROCEDURAL BACKGROUND**

On September 3, 2001, RUBEN CASAS tragically lost his life in a one-car motor vehicle rollover in Starr County, Texas. There were no passengers or other witnesses to the tragedy.

Exactly two years later, on September 3, 2003, Plaintiffs filed a state court action in Starr County, Texas, alleging products liability causes of action against Defendant, THE

TIRE CORRAL, INC., and Defendant, AMERICAN EAGLE WHEEL CORPORATION, and alleging negligence causes of action against both of those Defendants. That state court cause of action did not allege the amount of damages for which the Plaintiffs contended.

As set out in its Notice of Removal AMERICAN EAGLE WHEEL CORPORATION was served on September 22, 2003, and wrote to the Plaintiffs' attorneys demanding an allegation concerning the amount in controversy on October 3, 2003. This procedure was undertaken pursuant to Rule 47 of the Texas Rules of Civil Procedure. AMERICAN EAGLE persisted with follow-up calls, letters, and filing of Special Exceptions. The letters and Special Exceptions are included as Exhibits to the Petition for Removal. Plaintiffs did not specify an amount of damages until they filed their First Amended Petition on March 19, 2004. The amount specified was $12,000,000.00.

In that same Amended Petition, Plaintiffs dropped their negligence claims against THE TIRE CORRAL, INC., and retained only product liability-related claims against that Defendant.

Defendant, AMERICAN EAGLE WHEEL CORPORATION, contends that the filing of Plaintiffs' First Amended Petition on March 19, 2004, constituted the first identification of an amount in controversy in excess of $75,000.00, and further constituted the abandonment of Plaintiffs' only arguable cause of action against THE TIRE CORRAL, INC., thereby exposing the fraudulent joinder of THE TIRE CORRAL, INC., and creating complete diversity between the Plaintiffs and the only real Defendant.

Defendant, AMERICAN EAGLE WHEEL CORPORATION, joined by fraudulent Defendant, THE TIRE CORRAL, INC., filed their Notice of Removal on April 15, 2004, within thirty days of the date that Plaintiffs first established that they were claiming more than $75,000.00, and within thirty days of the time that Plaintiffs abandoned the only viable claim they had previously plead against the fraudulently-joined Defendant, THE TIRE CORRAL, INC.

## II.

## FRAUDULENT JOINDER

Plaintiffs cite the Court to *McKee v. Kansas City Southern Railway Co.,* 358 F.3d 329 (5th Cir. 2004). That Court began its analysis of the case by examining the allegations in Plaintiff's Complaint. *Id.*, at 331-332. The Court points out that the Plaintiff had made negligence allegations against the employees of the railroad company. The Defendants were contending that the employees of the railway company were fraudulently joined, and that only the railway company was a proper defendant in the case. The Court ruled that the allegations of negligence in the complaint were sufficient to establish a case that, if proven, would result in a right to recover against the employees. The employees were, therefore, held not to be fraudulently joined. The key to this analysis is the presence in the Plaintiffs' pleading of a viable cause of action against the non-diverse defendant under state law.

This Court should begin its analysis of the present case in the same fashion, by focusing on the allegations against THE TIRE CORRAL, INC., in Plaintiffs' Amended

Complaint. It makes no difference that the Plaintiffs might be able to prove a cause of action that is not alleged in Plaintiffs' Amended Petition. Defendants have removed based upon Plaintiffs' First Amended Petition. THE TIRE CORRAL, INC., is fraudulently joined if no cause is plead against it under Texas law. *Rodriguez v. Sabatino*, 120 F.3d 589 (5th Cir. 1997).

The *Rodriguez* case establishes two ways that a removing party can demonstrate fraudulent joinder. The first method is to show that there was outright fraud in Plaintiff's recitation of jurisdictional facts. That method was not involved in the *Rodriguez* case and is not involved in this case. The second method of establishing fraudulent joinder is to show that "there is absolutely no possibility that the Plaintiff will be able to establish a cause of action against the in-state Defendant in state court." *Id.,* at 591, citing *Cavallini v. State Farm Mutual Automobile Insurance Company*, 44 F.3d 256, 259 (5th Cir. 1995).

The Court goes on to say that in order to evaluate this second method of showing fraudulent joinder, the Court must "evaluate all of the factual allegations in the Plaintiff's state court pleading in the light most favorable to the Plaintiff, . . ." *Id.,* at 591, citing *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205-106 (5th Cir. 1983) cert. den'd 464 U.S.1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984) (emphasis added).

It is clear from the *Rodriguez* case that the joinder is fraudulent unless Plaintiff has plead a valid cause of action under Texas law.

The Defendants did not remove Plaintiffs' Original Petition, which included a general

negligence allegation against THE TIRE CORRAL, INC.   Texas law recognizes that a negligence claim may be asserted independently of a product liability claim, even though it is asserted against the product seller, or the product supplier. *Meritor Automotive, Inc. v. Ruan Leasing Company*, 44 S.W.3d 86 at 87 (Tex. 2001).  Plaintiffs' problem is that they no longer plead negligence against THE TIRE CORRAL, INC.  Having abandoned their negligence pleading against THE TIRE CORRAL, INC., Plaintiffs must state in their remaining pleading a cognizable cause of action against THE TIRE CORRAL, INC., under some other theory.

Under Texas law, it is the burden of the Plaintiffs to plead those things upon which they will have the burden of proof at trial, *Chancellors Racquet Club v. Schwartz*, 661 S.W.2d 194 at 196 (Civ.App.–Houston [1st Dist.] 1983), and, unfortunately for the Plaintiffs, Section 82.003, of the Texas Civil Practice and Remedies Code,  does not read the way that it is summarized in Plaintiffs' Motion to Remand.  Section 82.003, clearly provides the following:

> (a)   A seller that did not manufacture a product is not liable for harm caused to the claimant by that product <u>unless the claimant proves</u>: . . ."

one or more of the listed exceptions. (The underlined portion was omitted from Plaintiffs' summary.)   The Texas Legislature has clearly placed the burden to plead and prove exceptions allowing suits against retailers in product liability cases on Plaintiffs attempting to avoid the general prohibition against such lawsuits.

The Plaintiffs are the masters of their complaint.  There was nothing preventing the Plaintiffs from keeping their negligence allegations against Defendant, THE TIRE CORRAL, INC.  Similarly, there was nothing that would have prevented the Plaintiffs from pleading that the lawsuit falls within one of the exceptions stated in Section 82.003, of the Texas Civil Practice and Remedies Code, if such a pleading would be supported by the facts.  The failure of the Plaintiffs to plead a cause of action against THE TIRE CORRAL, INC., makes the inclusion of THE TIRE CORRAL, INC., in this lawsuit fraudulent.

The Plaintiffs have stated the proper Rule. The Plaintiffs observe that "the Court must evaluate all factual allegations and ambiguities in controlling state law in favor of the Plaintiff; if there is any possibility that the Plaintiff has stated a cause of action against a non-diverse Defendant, the federal court must conclude that joinder was proper, and the case must be remanded. . .  unchallenged factual allegations in the pleadings must be viewed in the light most favorable to the Plaintiff."  See Motion to Remand.

Plaintiffs' problem is that they have not alleged a cause of action against THE TIRE CORRAL, INC., except for causes of action that are barred by Texas Civil Practice and Remedies Code Section 82.003.  The rule does not allow Plaintiffs to conjure up a theory after removal, or breathe life into abandoned theories.  The viable claims have to be plead.

### III.

### EVALUATION OF PLAINTIFFS' PLEADING

In their Motion to Remand, the Plaintiffs specify three of the statutory exceptions to

the general rule that the retailer cannot be sued in a product liability case in Texas, filed after July 1, 2003.   Nowhere in Plaintiffs' First Amended Original Petition are there any allegations that bring the Plaintiffs within any of these three exceptions.

The first exception Plaintiffs mention is Section 82.003(a)(2), which allows the retailer to be joined if the retailer installed the product on another product, and the claimant's harm resulted from the products installation on to the assembled product.  Plaintiffs' First Amended Original Petition does not allege that THE TIRE CORRAL, INC., installed the wheel; that the installation of the wheel was faulty; or that faulty installation of the wheel caused the accident in question.

The next exception relied on by the Plaintiffs in their Motion to Remand is Section 82.003(5).  It is clear from the words of the statute, without reference to case law, that retailers are no longer to be held liable under general principles of product liability law including Restatement (Second) of Torts, Section 402(b). Instead, the exception requires that the seller make "an express factual representation about an aspect of the product" to establish exception (5).

Again, a review of Plaintiffs' First Amended Original Petition shows no specific allegations directed against THE TIRE CORRAL, INC., except for one general allegation that it sold the defective tire rim and is therefore liable under the doctrine of strict liability in tort.  That allegation cannot survive analysis under Section 82.003(5).

The Plaintiffs do have a Misrepresentation Paragraph IX of this Amended Petition and that allegation refers to "Defendants." However, that paragraph is based on Section 402(b) of the Restatement (Second) of Torts. Application of Section 402(b) is based on a misrepresentation <u>to the public</u> through advertising, labels, or otherwise. Clearly, these allegations contained in Paragraph IX, concerning general Misrepresentations to the public, do not comply with the "express factual representation about an aspect of the product" requirement of exception (5). Further, allegations about representations to the public are distinguishable from the representation required by exception (5).

Finally, the Fifth Circuit is recognized as one of the Circuits that allows the District Courts to "pierce the pleadings and examine affidavits and deposition testimony for evidence of fraud." *Great Plains Trust Company v. Morgan Stanley, Dean Whitter & Company*, 313 F.3d 305 (5th Cir. 2002). In the present case, Plaintiffs have offered Affidavits and Deposition testimony and those conclusively show that Plaintiffs cannot qualify under exception (5).

THELMA CASAS, at Page 50, beginning at Line 13 of her deposition, testified that somebody at THE TIRE CORRAL, INC., told her that there was a hole in the wheel that her husband purchased from THE TIRE CORRAL, INC. Ms. Casas is not sure when THE TIRE CORRAL, INC., told her about the hole, but she does know that "it was later than – it was some time way later than when we bought it." The wheel was purchased in 1995. It was brought in for service on this occasion "way later." The accident was in 2001.

The point is that Ms. Casas is not talking about a representation at the point of sale. Section 402(b), of the Restatement (Second) of Torts, covers representations made at the point of sale. At comment f, the reporter states the following:

> The fact misrepresented must be a material one, upon which the consumer may be expected to rely in making his purchase, and he must justifiably rely upon it. (Emphasis added.)

Plaintiffs' proof might support a negligent failure to diagnose and repair during a service call made "way later than when we bought it." However, the proof does not establish a misrepresentation under Section 402(b) or under exception (5), and Plaintiffs dropped their negligence claim, which is now barred by limitations.

These same principles apply to the allegations at Paragraph VIII in Plaintiffs' First Amended Original Petition, which is entitled "Breach of Warranty." The Plaintiffs allege express and implied warranties to the general public by the "Defendants," to the Plaintiffs specifically, that the products were fit for their intended purposes and had certain qualities and characteristics. These are all warranties attaching at the point of sale. *Southerland v. Northeast Datsun, Inc.*, 659 S.W.2d 889 (Tex.Civ.App–El Paso 1983), citing Texas Business and Commerce Code Section 2.725. These are precisely the general products liability pleadings, spelling out the general causes of action, that the Texas Legislature eliminated by passing 82.003, and no member of the Texas Bar thinks the Texas Supreme Court will fail to discern the clear legislative intent.

Exception number 5 was intended to preserve a cause of action against a retailer who makes a specific factual representation at the point of sale to the purchaser of a product. As shown above, the proof in this case does not bring Plaintiffs' cause within the exception, even if one assumes Plaintiffs have plead broadly enough to loosely qualify under exception number 5.

The last exception to Texas Civil Practice and Remedies Code Section 82.003, mentioned by Plaintiffs in their Motion to Remand, is exception (6). That exception requires that "the seller actually knew of a defect of the product at the time the seller supplied the product," and the claimant's harm resulted from the defect.

Plaintiffs have no allegation that THE TIRE CORRAL, INC., had actual knowledge of any product defect at the time of the sale. The fraudulent joinder of THE TIRE CORRAL, INC., is established by this absence in the Plaintiffs' pleadings.

In their Motion to Remand, the Plaintiffs try to remedy this situation by reference to Mrs. Casas' deposition. As set out above, Mrs. Casas testified that some time "way later than when we bought it" the truck and wheel were returned to THE TIRE CORRAL, INC., with a report that the right rear tire kept losing air. Plaintiffs expressed the position in their Motion to Remand that "supplying" the truck with the wheel back to the Plaintiffs after this service call qualifies as "supplying a product with a known defect" under the provisions of Section 82.003, exception (6).

Again, no member of the Texas Bar should seriously contend that the Legislature intended retailers to remain liable for product defects if they found out about a product defect after the sale. No member of the Texas Bar thinks that the Supreme Court of Texas is going to miss this clear legislative intent. The term "supplied" in exception (6) will mean sold for cash, sold for credit, rented, leased and traded, but it will not mean "returned to the owner after a service call way later than the purchase."

## IV.

## AMOUNT IN CONTROVERSY

The rules available for guidance to the Court in dealing with the amount in controversy for removal purposes, under a state court procedure that allows or requires tort claims for unliquidated damages to be plead without stating an amount demanded or requested by the Plaintiff, are catalogued in *Wright, Miller and Cooper's Federal Practice & Procedure*, at Section 3707. The problems inherent in trying to make the federal practice mesh with fifty different state practices is demonstrated in the discussion of the cases. The Texas Procedure, under Rule 47 of Texas Rules of Civil Procedure, states that a Plaintiff cannot recite the amount in controversy in the original petition, but must recite the amount in controversy when requested to do so by special exception. The actions of Defendant in promptly requesting specification of an amount in controversy and filing special exceptions to have the Court require designation of an amount in controversy, while following up with the Plaintiffs to obtain an amount in controversy, seems to be an imminently reasonable

solution for meshing federal jurisdictional concerns with the Texas procedure.

Once the Plaintiffs recited an amount in controversy, which they were bound to do under the Texas procedure, Defendants removed the case. Of course, this happened with the filing of the same amendment that dropped the negligence claim against THE TIRE CORRAL, INC., leaving Plaintiffs with no pleadings alleging viable actions against the innocent retailer.

Considering all the above Defendant, AMERICAN EAGLE WHEEL CORPORATION, prays that Plaintiffs' Motion to Remand be denied, and for such other and further relief to which this Defendant may show itself to be justly entitled.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas   78520
(956) 542-5666
(956) 542-0016 (Fax)

By _____
JEFFREY D. ROERIG
Texas State Bar #17161700
Federal ID No. 1503

VICTOR V. VICINAIZ
Texas State Bar #20562300
Federal ID No. 10956
ROERIG, OLIVEIRA & FISHER, L.L.P.
506 E. Dove Avenue
McAllen, TX   78504
Telephone:   (956) 631-8049
Telecopier:   (956) 631-8141
**ATTORNEYS FOR AMERICAN EAGLE WHEEL CORP.**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been mailed, Certified Mail, Return Receipt Requested, to the Attorneys of Record, as follows:

Luis M. Cardenas
HOCKEMA, TIPPIT & ESCOBEDO, L.L.P.
P. O. Box 720540
McAllen, TX  78504-0540
**ATTORNEY FOR PLAINTIFFS**

Ricardo A. Garcia
LAW OFFICE OF RICARDO A. GARCIA
820 S. Main Street
McAllen, TX  78501
**ATTORNEY FOR THE TIRE CORRAL, INC.**

on this 4th day of June, 2004.

_____
JEFFREY D. ROERIG

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| **THELMA CASAS, INDIVIDUALLY** | * | |
| **AND AS REPRESENTATIVE OF THE** | * | |
| **ESTATE OF RUBEN CASAS,** | * | |
| **LISA CASAS, RUBEN CASAS, JR.,** | * | |
| **DANIEL CASAS AND ESTER LARA** | * | **CIVIL ACTION NO. M 04-123** |
| **CASAS** | * | |
| | * | **JURY** |
| **VS.** | * | |
| | * | |
| **THE TIRE CORRAL, INC., AND** | * | |
| **AMERICAN EAGLE WHEEL** | * | |
| **CORPORATION** | * | |

## ORDER DENYING MOTION TO REMAND

On this day came on to be considered the Motion of Plaintiffs to Remand the above-styled and numbered civil action to the 381st Judicial District Court of Starr County, Texas.

After reviewing Plaintiffs' Motion and responsive pleadings on file herein, this Court is of the opinion that the Plaintiffs' Motion to Remand should be DENIED.

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that Plaintiffs' Motion to Remand is hereby DENIED.

SIGNED FOR ENTRY this ____ day of _____, 2004, in McAllen, Texas.

_____
JUDGE PRESIDING